Mr. J. Leon Johnson Judicial Assistant City of Little Rock Municipal Court 600 West Markham Little Rock, AR 72201
Dear Mr. Johnson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request submitted to the custodian of the records for the City of Little Rock, pursuant to the FOIA, for "a list of the names of municipal court clerks and judges who took sick leave or vacation time during the month of April, 1992." You state that you are requesting this opinion on behalf of the clerks who are the subjects of the records.
You state that the clerks of Division 1 of the Little Rock Municipal Court "believe the information is a part of their personnel records" and have requested that the information not be released. I assume that the clerks consider the release of this information to be an invasion of their privacy pursuant to A.C.A. § 25-19-105(b)(10). It is my understanding that the custodian of the records for the City has made the decision to release the requested list. You have requested that I render an opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether the custodian's decision to release the information is consistent with the FOIA.
Although you have not indicated how this information is maintained,[1] or whether the information is maintained in the format requested, the custodian should be aware that she or he is under no statutory obligation to compile or create a record to satisfy the request if no such record currently exists. See
Ops. Att'y Gen. 91-208 and 87-211. It is my opinion, however, that to the extent the City maintains records containing the information sought, it may reasonably be concluded that such records which reflect the taking of vacation or sick leave would generally be deemed personnel records. See Watkins, TheArkansas Freedom of Information Act (mm Press 1988) at 88. (Other documents, while not typically included in personnel files, are maintained by state agencies and should be considered personnel records for purposes of subsection (b)(10). These materials include . . . records showing annual leave and sick leave. . . .)
Section 25-19-105(b)(10) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Opinion No. 87-115, a copy of which is enclosed. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public RecordsUnder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Departmentof State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force,660 F.2d 369 (5th Cir. 1981); information about family life, ProvidenceJournal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
With regard to your specific question, any claim of an unwarranted invasion of personal privacy as to any particular information within the vacation or sick leave records would require a factual review of the specific record on a case-by-case basis. To the extent, however, that a record is maintained indicating whether individuals took vacation or sick leave, it is my opinion that a claim of unwarranted invasion of personal privacy as to its release would generally not be well-founded. Accordingly, it is my opinion that the custodian's decision to release any record reflecting the names of individuals who took vacation or sick leave during April, 1992, is consistent with the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] See Op. Att'y Gen. 88-224, a copy of which is enclosed, which concluded that payroll records of public employees are open to inspection under the FOIA.