Mr. Henry Forrest, Bailiff First Division Circuit Court 201 West Markham, Room 340 Little Rock, AR 72201
Dear Mr. Forrest:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request made by the Arkansas Democrat-Gazette, pursuant to the FOIA, for a copy of your personnel file which is maintained by the Arkansas State Police. You have asked "whether the information sought . . . is personal information rather than public information." You do not indicate, however, what information has been sought. Your request is made pursuant to A.C.A. § 25-19-105(c)(3), which authorizes the custodian, requester, or the subject of personnel or evaluation records to seek an opinion from the Attorney General stating whether the custodian's decision regarding the releasability of the records is consistent with the FOIA. You have provided no information, however, as to what decision the records custodian has made regarding whether your records should be released.
I am without sufficient information, not knowing the custodian's decision and not having viewed the records in question, to offer a conclusive response to your request. As a general matter, however, it should be noted that personnel records are exempt under the FOIA only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). To the extent, therefore, that the records are "personnel records," a blanket denial of access is contrary to the FOIA. Rather, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted from personnel records and the remainder of the records made available for inspection and copying.
Section 25-19-105(b)(10) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in discussing a constitutional right to nondisclosure of personal matters. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Departmentof Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, UnitedState Department of State v. Washington Post Co., 456 U.S. 595
(1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778,reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v.Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
It should also be noted that information contained in your personnel file may qualify for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that it forms the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1). The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See
Op. Att'y. Gen. 92-191. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard.
If the personnel file contains job performance records, in order to be subject to public disclosure these documents must have formed the basis for your dismissal or suspension and your administrative remedies must have been exhausted. Additionally, a compelling public interest must be found in order to warrant their disclosure.
As a final matter, it should be noted that certain other records, whether or not personnel or job performance records, such as medical, scholastic, adoption or tax records, are exempted by other specific exemptions in the FOIA. See A.C.A. §25-19-105(b). This type of information may also be exempted by other state statutes or federal law.
Thus, while I am unable to provide a definitive answer to your question, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure. Any exempt information in the personnel file should be deleted and the remainder made available for inspection and copying.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SD:cyh