Melvin C. Thrash, Major General Office of the Adjutant General Military Dept. of Arkansas North Little Rock, AR 72118-2200
Dear Major General Thrash:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act (FOIA), A.C.A.25-19-101 to -107 (Repl. 1992 and Cum. Supp. 1993). You state in your request that an unsuccessful applicant for a recently filled position with the Military Department has asked for copies of applications and related attachments of all applicants interviewed for the position. Your question concerns the release of personal information contained in the employment applications pursuant to the FOIA.[1]
While this office has consistently stated that employment applications are "public records" under the Freedom of Information Act, it is important in analyzing such applications under the Act to distinguish between the applications of successful and unsuccessful candidates for a position. I am of the opinion that the applications of successful candidates should be treated as "personnel records" under the FOIA, while the applications of unsuccessful candidates should be considered "public records" open to inspection under A.C.A. 25-19-103 and -105(a) (Repl. 1992 and Cum. Supp. 1993).[2]
Thus, in determining whether to release the employment application of a successful candidate under the FOIA, one must utilize the test applied to personnel records under the Act. Personnel records are exempt from disclosure under the FOIA to the extent that such disclosure would constitute a clearly unwarranted invasion of personal privacy. A.C.A.25-19-105(b)(10) (Cum. Supp. 1993).[3] While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance on the issue. See Ops. Att'y Gen. 93-407, 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy," adopting the position that information falls within the exception only if it concerns an intimate detail or involves private facts. See Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
Additionally, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in discussing a constitutional right to nondisclosure of personal matters. Quoting an article in the Georgetown Law Journal, the court stated the following:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980).
In sum, while there is authority to support the nondisclosure of information contained in personnel records such as a person's social security number, marital status, citizenship, or religious affiliation, it is difficult to conceive of other information in or accompanying an employment application the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Nonetheless, the application of a successful candidate for a job must be reviewed to see if it contains such protected information prior to its release. It is therefore my opinion that the records requested relating to the successful job applicant should be released, with any information constituting a clearly unwarranted invasion of privacy deleted.
With regard to the release of the employment applications of unsuccessful candidates for a position, as I have previously stated, it is my opinion that such applications are "public records" subject to disclosure under the FOIA. While it is, of course, possible that a constitutional privacy interest such as that discussed by the Arkansas Supreme Court in McCambridge v. City of Little Rock, supra, might protect the release of certain information contained in or accompanying such an application, it is difficult to conceive of what such information might be. As we have noted in previous opinions, addresses, resumes, telephone numbers, and the names of an applicant's employer and references would probably not trigger constitutional protection. See Opinion Nos. 93-403 and 93-114.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] As will be discussed herein, it is my opinion that the employment applications of successful candidates for a job are "personnel records" under the FOIA. That interpretation requires me to respond to your request within three days pursuant to A.C.A. 25-19-105(c)(3)(B) (Cum. Supp. 1993). This provision would not apply, however, to that part of your request concerning the employment applications of unsuccessful candidates, as I have not construed such applications to be "personnel records." Thus, I am not required by A.C.A.25-19-105(c)(3)(B) to respond to that part of your request. I will address the remainder of your request pursuant to A.C.A.25-16-706(a)(1) (1987), however, which requires me to provide an opinion to the heads of the executive departments of this state on any legal question concerning their official action.
[2] As I noted in Opinion No. 93-114, one Pulaski County circuit court has held that all employment applications are "personnel records" exempt from inspection and copying under the FOIA "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Op. No. 93-114 at 2, citing A.C.A. 25-19-105(b)(10) (Cum. Supp. 1993) and J. Watkins, The Arkansas Freedom of Information Act 86-87 (mm Press 1988). Another Pulaski County circuit court concluded that such applications are "public records" subject to disclosure under the FOIA. Accordingly, a definitive answer concerning whether employment applications are "personnel records" may require an appellate court ruling. Even if employment applications are ultimately determined to be "personnel records" under the FOIA, however, I think it is unlikely that a court would find their disclosure to be a clearly unwarranted invasion of personal privacy. As I noted in Op. No. 93-114, the Pulaski County Circuit Court that held employment applications to be "personnel records" ultimately ordered their disclosure.
[3] It should be noted that medical, scholastic, adoption, and tax records are specifically exempted from disclosure under the FOIA. See A.C.A. 25-19-105(b)(1) and (2) (Cum. Supp. 1993).