**Francis L. SWISHER, Appellant,**

v.

**DEPARTMENT OF the AIR FORCE and Hans Mark, Secretary of the Air Force, Appellees.**

No. 80–2029.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 22, 1981.

Decided Sept. 29, 1981.

Charles C. Shafer, Jr., P. C., George S. Murray, III, Kansas City, Mo., for appellant.

J. Whitfield Moody, U. S. Atty., Larry D. Coleman, Asst. U. S. Atty., Kansas City, Mo., for appellees.

Before GIBSON, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Francis Swisher, appellant, is a former civilian employee of the Air Force. He was medically retired by the Air Force on September 3, 1976, for failing to pass a "fitness for duty examination." In response to Swisher's allegations that his forced medical retirement was a pretext for retaliation by the Air Force for Swisher's "whistle-blowing" activities, an investigation was conducted by Col. Morris on behalf of Lt. General John Flynn, the Air Force Inspector General. Following review of the Morris report and all relevant records, Lt. General Flynn informed Swisher by letter that there was no basis for his complaints and that his complaint file would be closed and not reopened on these matters.

Swisher then requested a copy of the Morris report. Treating his request as one pursuant to the Freedom of Information Act, 5 U.S.C. § 552, the Air Force released that portion of the report containing factual data, but withheld the report's "conclusions and recommendations" as exempt from disclosure by section 552(b)(5) ("Exemption 5"). After an unsuccessful administrative appeal to obtain the withheld portions of the report, Swisher filed suit in the district court.[1] The district court held that the "conclusions and recommendations"[2] were properly withheld pursuant to Exemption 5.[3] Swisher appeals asserting that (1)

1. The Honorable John W. Oliver, Chief Judge for the United States District Court for the Western District of Missouri.

2. The district court examined the document in question, and we have also examined the document.

3. Swisher also requested the release of all so-

the district court erred in declining to consider his claim of retaliation as overriding the Air Force's claim of executive privilege, and (2) that the district court erred in holding that the Morris report did not lose its exempt status as it was not expressly adopted or incorporated in Lt. General Flynn's "final opinion." We affirm. 495 F.Supp. 337.

In making his argument that his claim of retaliation is a showing of exceptional need which overrides the Air Force's claim of executive privilege, Swisher relies on the dictum in *American Mail Line, Ltd. v. Gulick*, 411 F.2d 696, 703 (D.C.Cir.1969), that the particular needs of an individual are to be balanced against the government's privilege. Subsequently, in *Sterling Drug Inc. v. FTC*, 450 F.2d 698, 704–05 (D.C.Cir. 1971), that court aligned itself with the established rule that an individual's particular exceptional need is not relevant to the application of Exemption 5, as the correct standard is whether the documents would "routinely be disclosed" in private litigation. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10, 149 n.16, 95 S.Ct. 1504, 1513 n.10, 1516 n.16, 44 L.Ed.2d 29 (1975); *Hoover v. United States Department of the Interior*, 611 F.2d 1132, 1139 (5th Cir. 1980); *Brockway v. Department of the Air Force*, 518 F.2d 1184, 1192 n.7 (8th Cir. 1975). *See also* Note, *Developments Under the Freedom of Information Act—1979*, 1980 Duke L.J. 139, 160 n.145; Note, *Freedom of Information Act and the Exemption for Inter-Agency Memoranda*, 86 Harv.L.Rev. 1047, 1051 n.22 (1973). As a result, if a showing of exceptional need is necessary for disclosure in civil litigation, then it is not routinely discoverable and the material remains protected by Exemption 5. Thus, the district court was correct in refusing to balance Swisher's complaint of retaliation against the Air Force's claim of executive privilege.

Swisher next argues that the Morris report lost its exempt status by being expressly adopted or incorporated by reference in Lt. General Flynn's letter. In *NLRB v. Sears, Roebuck & Co., supra*, 421 U.S. at 161, 95 S.Ct. at 1521, the Supreme Court held that this adoption or incorporation must be *express*. An examination of Lt. General Flynn's letter reveals that it does not expressly adopt or incorporate the "conclusions and recommendations" of the Morris report. The letter does not refer in any manner to the rationale or conclusions of the report, but relies on the factual data of the report to ensure that no new issues had been raised in addition to those already considered by the Air Force. This factual portion of the Morris report has been released to Swisher. In addition, there are no references in the letter that the "conclusions and recommendations" are being made available to explain the letter. *NLRB v. Sears, Roebuck & Co., supra*, 421 U.S. at 151–53, 95 S.Ct. at 1516–17 (post-decisional explanations are not exempt). Nor does the letter invite an examination of the "conclusions and recommendations" in order to discover its reasoning. *Niemeier v. Watergate Special Prosecution Force*, 565 F.2d 967, 972–73 (7th Cir. 1977).

Accordingly, the judgment of the district court is affirmed.

---

cial security numbers listed in the Morris report. The district court found this material exempt from disclosure by 5 U.S.C. § 552(b)(6).

On appeal, Swisher has expressly abandoned his attempt to obtain these social security numbers.