Mr. Douglas Elms P.O. Box 585 Little Rock, AR 72203-0585
Dear Mr. Elms:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request made by the Arkansas Democrat-Gazette, pursuant to the FOIA, to inspect your personnel file maintained by the Little Rock Police Department. You state that you have recently resigned your employment as a police officer with the Department. You state that the records custodian has made the decision to deny the request in toto, believing that the file is not subject to disclosure because your right to privacy would be better maintained if the file were not released. You state that you also consider the release of information contained in your personnel file to be an invasion of your privacy and request that the information not be released. You have requested that I render an opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether the custodian's decision not to release the records is consistent with the FOIA.
In my opinion, the custodian's blanket denial of access to your personnel file is, in all likelihood, inconsistent with the provisions of the FOIA. Rather, any exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
Section 25-19-105(b)(10) (Cum. Supp. 1991) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Departmentof State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force,660 F.2d 369 (5th Cir. 1981); information about family life, ProvidenceJournal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b) (Cum. Supp. 1991).
It should also be noted that information contained in your personnel file may qualify for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that it forms the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1991). The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See Op. Att'y. Gen. 91-153. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard.
If the personnel file contains job performance records, in order to be subject to public disclosure these documents must have formed the basis for your dismissal or suspension and your administrative remedies must have been exhausted. You have indicated, however, that you have recently voluntarily resigned from the Police Department. Assuming that this is in fact the case, it appears that the first criterion for disclosure has not been satisfied, and that any such job performance records should thus not be made available for inspection.
While I am unable to provide a definitive answer to your question, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure. Any exempt information in the personnel file should be deleted and the remainder made available for inspection and copying.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SD:cyh