Ms. Catherine Christie Cook Administrative Assistant City of Hope P.O. Box 667 Hope, AR 71801
Dear Ms. Cook:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101—107 (Repl. 1992). Your question stems from a request, pursuant to the FOIA, for disclosure of the personnel file of an employee of the City of Hope. You state that the employee has recently requested a voluntary demotion in his employment status.
It is my understanding that you, as custodian of records for the City, have released the majority of the personnel file, deleting information from documents which you deemed to constitute a clearly unwarranted invasion of personal privacy.
You indicate, however, that the file also contains other documents which you do not consider open under the FOIA and which you have not released. It is my understanding that these consist of several intraoffice memoranda (i.e., the employee's request for voluntary demotion; memoranda from the employee's supervisor "counseling" the employee about the results of such a demotion; correspondence from the employee "alleging a grievance with regard to the demotion;" and "other written requests" which the employee has made of his supervisors from time to time). You have requested that I render an opinion, pursuant to A.C.A.25-19-105(c)(3)(B), as to whether your decision not to release these intraoffice memoranda is consistent with the FOIA.
Section 25-19-105(b)(10) (Cum. Supp. 1991) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 789.
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989), did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369
(5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
This office has previously opined that a statement of resignation which only details the employee's intent to cease employment on a date certain does not reveal any intimate details of the person's life and thus is subject to public disclosure. See Op. Att'y Gen.89-077, a copy of which is enclosed. That opinion also concluded that information in such a statement of resignation regarding the employee's justifications for resignation, including comments reflecting the employee's evaluation of the effect of the job on the employee's life, similarly did not relate to the employee's personal life and thus were subject to disclosure as well.
While I have not reviewed the records in the instant situation, based on the above cited opinion, it is my conclusion that provided the employee's request for demotion simply states his request and does not "reveal some intimate detail" or "involve private facts" of the employee's life, such a document would, in all likelihood, be subject to disclosure. While factual questions may arise in this regard, it is incumbent upon the custodian to make the initial determination whether the document reveals such intimate details.
A similar analysis must be undertaken with regard to the memoranda from the employee's supervisor "counseling" the employee regarding the results of his demotion. Again, because I have not reviewed the particular records in question, I cannot make a conclusive determination as to whether such documents would be open for public disclosure. You make reference to the fact that the memoranda address the "results of the demotion." To the extent that the memoranda apprise the employee of the practical effect of his demotion, it would appear that such records would be personnel records which are subject to disclosure, with the exception of that which reveals some intimate detail of the employee's private life. (See discussion, infra.) If, however, the supervisor's memoranda address the substantive reasons for the employee's demotion, such documents would likely not be subject to public disclosure in this instance. Consideration must be given in this regard to A.C.A.25-19-105(c)(1), which states in pertinent part that:
 . . . all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See Ops. Att'y Gen. 92-207, 91-153 and 88-162. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard. In order to be subject to public disclosure, these documents must have formed the basis for dismissal or suspension of the employee and his or her administrative remedies must have been exhausted. Again, such a determination necessarily requires an initial review by the records custodian.
The third item about which you have inquired is correspondence from the employee alleging a grievance with regard to the demotion. It is my understanding through conversations that the grievance addresses dissatisfaction by the employee with regard to his pay level. Again, without reviewing the record, it is difficult to make a conclusive determination about this item. Assuming, however, that the correspondence merely states the fact that the employee is dissatisfied and does not reveal some intimate detail of the employee's private life, it is my opinion that such a document would generally be subject to public disclosure.
A similar analysis can be undertaken with regard to the final item you have mentioned, i.e., the "other written requests which the employee has made of his supervisors from one time to another." Provided the correspondence reveals no intimate details of the employee's private life, the records would generally, in my opinion, be subject to disclosure.
Thus, while I am unable to provide a definitive answer to your question, the above analysis will hopefully offer sufficient guidance in reviewing the particular documents.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh