Charlene Johnson, Ph.D. Assistant Professor University of Arkansas College of Education 300 Graduate Education Building Fayetteville, AR 72701
Dear Dr. Johnson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992).
Your question stems from a request made pursuant to the FOIA to inspect your personnel file, along with the personnel files of other faculty members of the College of Education, which are maintained by the University of Arkansas. You have provided attachments to your request which indicate that the records custodian has made the decision to grant the request, "with the exception of the names of faculty members who have been denied promotion to professor, and the names and social security numbers of all faculty members."
You state that, due to certain personal attributes such as your tenure and ethnicity, your personnel records would be distinguishable from others within the college. You state that because your anonymity would not be protected among the records of your colleagues, you consider the release of information contained in your personnel file to be an invasion of your privacy and request that the information not be released. You have requested that I render an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), as to whether the custodian's decision to release information in your personnel file is consistent with the FOIA.
It is my opinion that the custodian's decision not to release your social security number from your personnel file is consistent with the FOIA. Not having reviewed the remainder of your personnel file, I cannot make a conclusive determination with regard to the remainder of the relevant records. I do not believe, however, that the custodian would be justified in refusing to release any of the remaining information in your personnel file based upon your concern that your anonymity would not be protected.[1]
There is, in my opinion, no unwarranted invasion of personal privacy on this basis.
Section 25-19-105(b)(10) (Cum. Supp. 1991) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789. The release of "intimate details" includes information "that might subject the person . . . to embarrassment, harassment, disgrace, [and] loss of employment or friends." Watkins, TheArkansas Freedom of Information Act, supra at n. 1. Seealso Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Departmentof State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force,660 F.2d 369 (5th Cir. 1981); information about family life, ProvidenceJournal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b) (Cum. Supp. 1991).
It should also be noted that information contained in personnel files may qualify for exemption as employee evaluation or job performance records. Such information is exempt from public disclosure only until such time that it forms the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1991). The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See
Op. Att'y. Gen. 91-153. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard.
Thus, there is authority for the custodian's decision to delete social security numbers prior to release of your personnel records. With regard to any information concerning promotion to professor, including the names of those persons denied promotion, it is my opinion that fact questions may arise. Records reflecting this information may constitute job performance records. The provision in the FOIA governing these records is discussed above. It is also possible, depending upon the particular facts, if the relevant records are not job performance or evaluation records, but are, rather, personnel records, that the exception for a "clearly unwarranted invasion of personal privacy" may be implicated. See A.C.A. § 25-19-105(b)(10), discussed above. The custodian's decision in this regard must, in my opinion, be made on a case by case basis in light of the discussion set out above regarding the type of information subject to this exception. I lack sufficient information to fully review the custodian's determination without a review of the records in question.
With regard to the remainder of your personnel file, it is my opinion that the protection of your anonymity cannot form the basis for the custodian's decision to refuse to release the records. Rather, the records must be reviewed and a factual determination made with regard to the deletion of particular information, based upon the discussion above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW
[1] It should be noted, in addressing this aspect of your question, that as a general matter to the extent the names of faculty members appear on public records that are otherwise subject to disclosure under the FOIA, there is no provision in the FOIA for deleting the names prior to release of the records. As noted by Professor John J. Watkins in The Arkansas Freedom ofInformation Act (mm Press 1988), the courts have found comparatively little privacy interest in records revealing the names of public employees. Id. at 89. It thus appears that the custodian's decision to withhold the names of all faculty members may be inconsistent with the FOIA, if the custodian in fact intends to delete this information from existing records. This is unclear from the information you have submitted.