Mr. Ray Morgan, Superintendent of Schools Waldron Public Schools P.O. Box 1397 Waldron, Arkansas 72958
Dear Superintendent Morgan:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1992). Your question stems from a request made, pursuant to the FOIA, to inspect and copy the employment contracts of public school employees in the Waldron School District. In your letter you indicate that such contracts contain, among other items, the names, salaries, social security numbers, and lengths of contracts.
With regard to this matter, I cannot offer a conclusive response because I do not know what decision, if any, you have made as a substantive matter under the FOIA. As discussed below, the custodian of the records must make the initial decision regarding disclosure of the records. The Attorney General then reviews that decision, if requested to do so. A.C.A. §§ 25-19-105(c)(3)(A) 
(B). However, in order to provide you with guidance in this matter, I will set forth the FOIA requirements as they relate to personnel records.
It should initially be stated that the contracts of public school employees are clearly "public records" within the meaning of the FOIA. Section 25-19-103(1) of the FOIA states that all records maintained in public offices are presumed to be public records. Additionally, the contracts at issue in your question would be considered "personnel" records. While the FOIA does not define the term "personnel" records, it seems certain that such refers to those records kept in connection with a public employee's employment.
Additionally, it should be noted that the FOIA requires certain procedures be followed when a request is made for personnel records. When a custodian of personnel records receives a request to examine or copy such records, he or she must, within twenty-four (24) hours of receiving the request, determine whether the records are exempt from disclosure. A.C.A. §25-19-105(c)(3)(A). The custodian must, within that time frame, make efforts to notify the person making the request and the subject of the records of that decision. Id. If the subject of the records cannot be contacted in person or by telephone within the twenty-four hour period, the custodian is required to send "written notice via overnight mail to the subject of the records at his last known address." A.C.A. § 25-19-105(c)(3)(B). Either the custodian, requester, or the subject of the records may then "immediately seek an opinion from the Attorney General who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with [the FOIA]." Id. The custodian shall not disclose the records until the Attorney General has issued his opinion. Id.
Although they are considered "public records" within the meaning of the FOIA, personnel records are exempt from public disclosure under Section 25-19-105(b)(10) "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Thus, a custodian's blanket denial of access to an employee's personnel file is inconsistent with the provisions of the FOIA. Rather, the appropriate procedure to follow is to delete from personnel records any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) and make available the remainder of the records for inspection and copying.
As stated, Section 25-19-105(b)(10) of the FOIA exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." While no Arkansas court has articulated what constitutes "a clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." In this regard, federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public RecordsUnder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
Additionally, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in discussing a constitutional right to nondisclosure of personal matters. Quoting the Georgetown Law Journal, the court stated the following:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v.Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisherv. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v.F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, and alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b). It should be noted as well that employee evaluation or job performance records may be subject to public disclosure upon final administrative resolution of a suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. § 25-19-105(c)(1).
With regard to your specific question concerning the employment contracts of public school employees in the Waldron School District, any exempt information in such records should be deleted and the remainder made available for inspection and copying. As discussed herein, A.C.A. § 25-19-105(b)(10) exempts from public disclosure those items in personnel records the disclosure of which would constitute "a clearly unwarranted invasion of personal privacy." Such a determination would require a factual review of the specific records on a case-by-case basis. As to the specific items you list which are contained in the employment contracts in question, it would be consistent with the FOIA to delete social security numbers from the contracts prior to releasing the records. I lack sufficient information, not having reviewed the actual records, to determine whether additional deletions are warranted. The foregoing discussion should, however, provide guidance in making this case-by-case determination. It is my opinion, however, that as to names, salaries, and lengths of contracts, such items would not be exempt from public disclosure and are therefore releasable based on the discussion herein. In fact, this office has opined that the type of information contained in teacher contracts does not rise to the level of an "unwarranted invasion of personal privacy," so as to be exempt under A.C.A. § 25-19-105(b)(10).See Op. Att'y Gen. No. 88-147.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh