Mr. Daniel M. Traylor Attorney at Law 1700 First Commercial Building 400 West Capitol Avenue Little Rock, Arkansas 72201
Dear Mr. Traylor:
This is in response to your request for an opinion, on behalf of Ms. Paula Jones and pursuant to A.C.A. 25-19-105(c)(3)(B), as to whether the decision of the Arkansas Industrial Development Commission ("AIDC") with respect to the release of Ms. Jones' employment application, salary and promotion records, leave and absence records, and other routine documents related to her employment with AIDC is consistent with the Arkansas "Freedom of Information Act" ("FOIA"), A.C.A. 25-19-101 to -107 (Repl. 1992 and Supp. 1993). In the correspondence attached to your request, Ms. Kay Stebbins, Director of Communications for AIDC, indicates that the foregoing records will be released pursuant to the FOIA to Ms. Kathlyn Graves of the Wright, Lindsey and Jennings Law firm and that any confidential information, such as Ms. Jones' social security number, will be removed from the records prior to their disclosure. In your letter, you state that Ms. Jones "requests that she be afforded an opportunity to designate portions of the requested records that she deems an unwarranted invasion of her privacy for AIDC consideration" prior to the release of the records.
With respect to the records in issue (Ms. Jones' employment application, salary and promotion records, leave and absence records and other routine documents related to her previous employment with AIDC), it is my opinion that they generally would be considered "personnel records" for purposes of the FOIA. See generally Op. Att'y Gen. Nos. 93-041 92-132 (stating that records which reflect the taking of vacation or sick leave would generally be deemed "personnel records" and that to the extent that a record is maintained indicating whether individuals took vacation or sick leave, a claim of unwarranted invasion of personal privacy as to its release is generally not well-founded); 93-421 (stating that employment applications of successful candidates for a job are "personnel records"). Personnel records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992), that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidate's lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidate's names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington Post Co.,456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co., v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Op. Att'y Gen. No. 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See also Watkins, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126. Consistent with the precepts set forth above, the appropriate procedure for the custodian of personnel records to follow is, therefore, to delete any exempt information and make the remainder of the records available for inspection and copying.
As to the specific records at issue here, Ms. Jones' employment application, salary and promotion records, leave and absence records, and other routine documents related to her employment with AIDC, it is my opinion, as stated previously, that they generally would be considered "personnel records" for purposes of the FOIA. As such, the AIDC should release the records after deleting any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy). The decision of AIDC to excise from these records Ms. Jones' social security number is, in my opinion, consistent with the FOIA. As to whether any other particular information in the records should be deleted prior to their disclosure, I cannot offer a definitive answer since I have not been provided with the actual records. The above referenced cases should, however, offer some guidance in determining the types of data which may be deleted from personnel records prior to their release. The fact that Ms. Jones' may consider the release of the records or particular information contained therein to be a clearly unwarranted invasion of personal privacy is, in my opinion, irrelevant to AIDC's decisions with regard to what information should be deleted from the records prior to their release.
As a final matter, it should be noted that certain other records, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by provisions of the FOIA. See A.C.A. 25-19-105(b). See also Op. Att'y Gen. No. 91-093 (relating to tax information or withholding in the personnel file which may be deleted prior to its release). Additionally, while I have assumed that the records which AIDC refers to as "other routine documents" relating to Ms. Jones' employment at AIDC would be "personnel records," it could be, not knowing what is encompassed within the phrase "other routine documents," that some of these records would qualify for exemption as "employee evaluation or job performance records." See A.C.A. 25-19-105(c)(1). This office has stated that "job performance" records detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See, e.g., Op. Att'y Gen. No. 92-191. We have previously opined that a letter of recommendation of termination, letters of reprimand and other disciplinary records are "job performance records." See Op. Att'y Gen. Nos. 88-097, 91-303, and 91-324. Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. 25-19-105(c)(1). All of these factors must be present in order for the records to be disclosed. It is also possible that there may be a fact question as to whether certain of the promotion records to which AIDC refers would constitute job performance records. See generally Op. Att'y Gen. No. 93-105. As I have not been provided with any of the records in question, I cannot, however, make determinations with regard to whether any of the records to which AIDC refers would constitute employee evaluation or job performance records for purposes of the FOIA. The general test set forth above would, however, be the test that AIDC should utilize with respect to the disclosure of such records if indeed any of them fall within these categories.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh