Mr. John C. Rixse 16712 Cactus Cove Alexander, AR 72002
Dear Mr. Rixse:
This is in response to your request for an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B), as to whether the decision of the University of Arkansas for Medical Sciences ("UAMS") with respect to the release of items in your personnel file to Mr. Steve Coffman is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. 25-19-101 to -107 (Repl. 1992 and Supp. 1993).[1]
In correspondence received by this office relating to the FOIA request for your personnel file, Mr. Norman Sward, Director of Human Resources Administration for UAMS, indicates that "all information in your personnel file is releasable, except for (1) benefit information, (2) performance evaluation scores, and (3) disciplinary actions." Mr. Sward also indicates that your social security number is not releasable, even though it appears that the requester already seems to have that information. In your letter, you state that you object to Mr. Steve Coffman receiving any information about yourself because Mr. Coffman "only wants this information so he can harass [you]."
Under the FOIA, personnel records are exempt only to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the publics right to knowledge of the records be weighed against an individuals right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the publics interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a persons life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the publics interest was satisfied by the release of the examination records with the candidates names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post Co.,456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Ops. Atty. Gen. 94-198, 94-178 and 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See also Watkins, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126. Consistent with the precepts set forth above, the appropriate procedure for the custodian of personnel records to follow is, therefore, to delete any exempt information and make the remainder of the records available for inspection and copying.
As to your specific personnel records, it is my opinion that the decision of UAMS to excise your social security number from your personnel file prior to its disclosure is consistent with the FOIA in view of the precepts noted above.
Although I am not certain what information is encompassed within the term "benefit information," it is my opinion that the decision to excise such items from your personnel file would, in general, be consistent with the FOIA as well. See generally Op. Atty. Gen. 87-442 (stating that financial information such as payroll deductions, credit union statements, insurance coverage, and "similar records which would divulge intimate financial details" should be excised from personnel records on the basis that they would constitute an unwarranted invasion of personal privacy). As to whether any other particular information contained in your personnel file should be deleted prior to its release, I cannot offer a response since I have not been provided with the actual records. The above referenced cases should, however, offer some guidance in determining the types of data which may be deleted from personnel records prior to their disclosure. As you have indicated your belief that Mr. Coffman has made his FOIA request for purposes of harassment, it should also be noted that this office has previously stated that "[t]he identity of the requester, or the purpose of the request, has little or no bearing on whether the information is disclosable." Op. Atty. Gen. 90-335. See also Op. Atty. Gen. 92-289. With respect to the "performance evaluation scores" and records relating to "disciplinary actions," it is my opinion that these records would generally fall within the provisions of the FOIA involving "employee evaluation or job performance records." A.C.A. 25-19-105(c). This office has previously stated that records relating an employees performance or lack of performance on the job are properly classified as job performance records under the FOIA. See Op. Atty. Gen. 91-324. See also Ops. Atty. Gen. 88-097, 91-303 and 91-324 (stating that a letter of recommendation of termination, letters of reprimand, and other disciplinary records are "job performance records"). Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A.25-19-105(c)(1). Accordingly, if all of these factors are not present with respect to the "performance evaluation scores" and records pertaining to "disciplinary actions," the decision of UAMS to prohibit the release of this information is consistent with the FOIA. Finally, it should be noted that other records, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by specific provisions of the FOIA. See A.C.A. 25-19-105(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
[1] Although neither you nor UAMS has raised the issue, I should note that the Arkansas Freedom of Information Act grants access to public records to "citizens" of the State of Arkansas. See A.C.A. 25-19-105(a) (providing that "all public records shall be open to inspection and copying by any citizen of the State of Arkansas. . . .") See also A.C.A. 25-19-107(a) (providing that "any citizen" denied rights granted under the FOIA may appeal to the appropriate circuit court); Watkins, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 67 (stating that "[b]ecause the FOIA provides that requesters must be citizens of Arkansas, agencies can presumably require documentation, such as a drivers license or other identification showing name and address, or completion of a form on which this information is provided. Otherwise, there would be no way for the agency to ensure that the citizenship requirement has been satisfied.") In correspondence submitted to this office, it appears that Mr. Steve Coffman resides in Biloxi, Mississippi.