Mr. Bob Brazzel Assistant Director, Field Operations Department of Community Punishment 105 W. Capitol, 2nd Floor Little Rock, Arkansas 72201
Dear Mr. Brazzel:
This official Attorney General opinion is being issued in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. §§ 25-19-101 through 107).
You state that the Department of Community Punishment has received a request from a newspaper for the names of all personnel who have been issued a firearm. You indicate that this information is contained in each individual's personnel file. You further indicate that you have determined that the requested information should not be released because of security concerns.
On the basis of these facts, you have presented the following question:
 Should the names of all personnel who have been issued a firearm be released under the FOIA?
It is my opinion that your decision not to release the requested information is inconsistent with the FOIA. That is, the information is public and should be released, as explained more fully below.
For purposes of responding to your request, I have assumed that the requested information constitutes a "personnel record" within the meaning of the FOIA. I find this assumption to be reasonable in light of the available authority on what constitutes a "personnel record."
The FOIA itself does not define the phrase "personnel records," nor has the term been defined judicially. However, Professor John Watkins, the leading scholarly commentator on the Arkansas FOIA, has provided some guidelines for determining whether records constitute "personnel records." Professor Watkins suggests that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). WATKINS,Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) 125-26.
Given Professor Watkins' discussion of what constitutes a "personnel record," I find that the information about which you have inquired is consistent with the types of records that he classifies as "personnel records."
This conclusion is significant, because if the information is classified as a "personnel record," it may be subject to exemption from disclosure under A.C.A. § 25-19-305(b)(10). That section of the Act provides that "personnel records" are not subject to disclosure if the disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). (It should be noted that if the requested information were not classified as a "personnel record," it would not be subject to any of the FOIA's other exemptions from disclosure, unless the affected personnel are working undercover, as described in the FOIA.[1] You have not indicated that any of the affected personnel are working undercover.)
The FOIA makes no provision for an exemption from the disclosure of personnel records on the basis of the security concerns of custodian of the records. Therefore, in order for you to decline to release the information that has been requested, the release must constitute a clearly unwarranted invasion of the privacy of the various employees whose names have been requested.
It is my opinion that the release of the information that has been requested of you does not constitute a clearly unwarranted invasion of the personal privacy of the employees whose names have been requested.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also WATKINS, The Arkansas Freedom of InformationAct (mm Press, 2d ed. 1994) at 126.
Having applied the above-described judicial guidelines to the information that has been requested of you, I cannot conclude that the release of this information would invade the employees' personal privacy. The fact that these individuals carry a firearm is not a matter concerning their personal lives; indeed, it is a matter that is exclusively related to their public positions. The carrying of a firearm is not a fact that could subject these individuals to personal embarrassment, harassment, disgrace, or loss of friends, nor could it threaten their current or future employment. In short, this information is simply not the type that the courts have held to be private.
Moreover, because these individuals are public employees and the carrying of a firearm is a part of their public duties, this information is essentially a public matter, in which the public clearly has an interest. Professor Watkins notes that the public's interest in a matter is substantial if "the records at issue reveal something about government activities or conduct." WATKINS, The Arkansas Freedom of Information Act
(mm Press, 2d ed. 1994) at 129-30. In this regard, it is significant that Section 102 of the FOIA states that the FOIA's purpose is to enable the public to "be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." A.C.A. § 25-19-102.
When the lack of invasion of personal privacy is balanced against the public's interest in the information that has been requested of you, it is clear that the public's interest outweighs any interest of the employees in keeping the information private.
For this reason, I must conclude that the names of employees who have been issued firearms is public information and is therefore subject to disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 25-19-105(b)(10) exempts from disclosure "[t]he identity of law enforcement officers currently working undercover with their agency and identified in the Arkansas Minimum Standards Office as an undercover officer."