Mr. Terry Drayden P.O. Box 191401 Little Rock, Arkansas 72219
Dear Mr. Drayden:
This official Attorney General opinion is rendered in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. §§ 25-19-101 through -107).
You indicate that you currently work for the City of Little Rock Police Department, and that you have been informed that your personnel records have been requested by Channel 4. You further indicate that you object to the release of these records.
On the basis of these facts, you have presented the following question:
 Should personnel records be released under the Freedom of Information Act?
Having not been provided with the records in question, I am unable to opine conclusively as to the release of any particular documents. However, I will set forth the applicable law that should be considered by the custodian of the records in making a determination regarding their release.
I must note initially that employee-related records can usually be classified either as "personnel records" or as "employee evaluation or job performance records." Therefore, the "personnel records" about which you have inquired may actually constitute "employee evaluation or job performance records."
The disclosability of particular employee-related records depends upon whether they constitute "personnel records" or "employee evaluation or job performance records." The FOIA sets forth different standards for the disclosure of the two types of records. Because it is unclear whether the documents that have been requested by Channel 4 should be classified as "personnel records" or as "employee evaluation or job performance records," I will discuss the standards applicable to both categories of records.
PERSONNEL RECORDS
The Standard for Disclosability
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
The FOIA does not define the phrase "personnel records," nor has the term been defined judicially. I will point out, however, that Professor John Watkins, a leading scholarly commentator on the Arkansas FOIA, has provided some guidelines for determining whether records constitute "personnel records." Professor Watkins suggests that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). WATKINS, ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 2d ed. 1994) 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above may be subject to specific exemptions set forth in other sections of the FOIA, including the exception for employee evaluation and job performance records, discussed in a later section of this opinion.)
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 2d ed. 1994) at 126.
The foregoing guidelines are those which the custodian of the records should bear in mind in determining whether the records that have been requested are disclosable (or are exempt from disclosure) as "personnel records." A substantial portion of your "personnel records" may be subject to disclosure. It is only those records (or portions of records) the release of which would give rise to a "clearly unwarranted invasion of personal privacy" which may be shielded.
EMPLOYEE EVALUATION OR JOB PERFORMANCE RECORDS
The Standard for Disclosability
Under the provisions of the FOIA, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
Clearly, under this three-pronged standard, the employee whose records have been requested must either have been terminated or suspended in order for this analysis to have any relevance. Because you indicate that you currently work for the City of Little Rock Police Department, I must assume that you have not been terminated. You do not indicate whether you have been suspended or not. If you have neither been terminated nor suspended, your "employee evaluation or job performance records" are not disclosable. Nevertheless, because it is possible that you may have been suspended, I will proceed to discuss the disclosability of "employee evaluation or job performance records."
What is An "Employee Evaluation or Job Performance Record"?
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. The custodian of the records must make a factual determination as to whether records constitute employee evaluation or job performance records. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
Final Administrative Resolution/Records As a Basis forSuspension/Termination
The question of whether there has been a final administrative resolution of a termination or suspension at issue and of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined by the custodian of the records. The requested records can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
Compelling Public Interest
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
The foregoing principles are those which the custodian of the records should consider in determining whether the requested records should be released (or whether they are exempt from release) as "employee evaluation or job performance records."
It should be noted that certain other records, whether or not personnel or job performance records, such as medical, scholastic, adoption or tax records, are exempted by other specific exemptions in the FOIA. See
A.C.A. 25-19-105(b). This type of information may also be exempted by other state statutes or federal law.
A Constitutional Issue
Finally, I must note that the custodian of the records should be cognizant of a possible constitutional issue. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
In making its disclosure decisions, the custodian of the records should specifically consider whether the requested records contain information that meets the criteria set forth in McCambridge.
SUMMARY
To summarize the preceding discussion, the custodian's primary considerations in determining whether to release the requested records should include the following:
(1) The custodian should determine whether the requested records are "personnel records" or are "employee evaluation or job performance records."
(2) If it is determined that the records are "personnel records," the custodian must then determine whether the disclosure of any portion of the records would constitute a clearly unwarranted invasion of your personal privacy. Such portions should be excised and the remainder of the records released for inspection.
(3) If it is determined that the records are "employee evaluations or job performance records," the custodian must then determine: (a) Whether there has been a final administrative resolution of the termination or suspension proceeding in question; (b) Whether the records in question formed a basis for the decision made in that termination or suspension proceeding; and (c) Whether there is a compelling public interest in the disclosure of the records in question.
(4) The custodian should determine whether the requested records contain information that is protectable under the constitutional right of privacy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh