Mr. Steven Armijo 4 Chester Cove Conway, Arkansas 72032
Dear Mr. Armijo:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the Arkansas Department of Community Punishment ("Department") to release certain records from your personnel file is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101
through -107 (1987) and (Cum. Supp. 1993). Specifically, you indicate that a reporter with the Arkansas Democrat-Gazette has requested a copy of records relating to your employment with the Department and "an alleged incident dated August 30, 1995." You state that you "have not been charged with anything by H.G. Foster [the prosecuting attorney] and wish [the] request by the Arkansas Democrat-Gazette be denied, as it will only be used on an allegation."
I have not been provided with the actual records in question, and thus, cannot opine definitively upon the release of any particular records. I can, however, set out the pertinent test to be applied in determining whether to release the records in question. I assume that the records in question are either "personnel records" or "employee evaluation or job performance records" for purposes of the FOIA. The test for the disclosure of each is set out below.
Under the FOIA, personnel records are exempt only to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), that:
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Ops. Att'y Gen. 94-198, 94-178 and 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See also Watkins, TheArkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126. Consistent with the precepts set forth above, the appropriate procedure for the custodian of personnel records to follow is, therefore, to delete any exempt information and make the remainder of the records available for inspection and copying.
If the Department maintains specific records detailing the "alleged incident" which occurred on August 30, 1995, it is my opinion that they are in all likelihood "job performance records" rather than "personnel records" for purposes of the FOIA. See § A.C.A. 25-19-105(c)(1). This office has previously stated that records relating to an employees performance or lack of performance on the job are properly classified as job performance records under the FOIA. See Op. Att'y Gen. 91-324. Seealso Ops. Att'y Gen. 88-097, 91-303 and 91-324 (stating that a letter of recommendation of termination, letters of reprimand, and other disciplinary records are "job performance records"). Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. § 25-19-105(c)(1). It is my understanding that your employment with the Department has been terminated and that all of your administrative appeals have been exhausted. Not having reviewed the records in question, I am not in a position to determine whether they "formed a basis" for your termination, or whether the circumstances give rise to a "compelling public interest in disclosure." Assuming these factors are present, however, it is my opinion that release of these records is consistent with the FOIA.
Two final points should be mentioned. First, it should be noted that other records, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by specific provisions of the FOIA. See A.C.A. § 25-19-105(b). Second, you have made reference in your request to a possible pending criminal investigation. If such an investigation remains ongoing, and if the records in question are being used as a part of the criminal investigation, the records may, depending upon the facts, be exempt from disclosure under A.C.A. § 25-19-105(b)(6), which exempts "undisclosed investigations by law enforcement agencies of suspected criminal activity." If the records in question are a part of such investigation, and are "sufficiently investigative in nature" they may not be released until the investigation is "closed." See Martin v. Musteen, 303 Ark. 656,799 S.W.2d 540 (1990) and Op. Att'y Gen. Nos. 91-100 and 90-292. As I have not been provided with any specific information in this regard, it is incumbent upon the custodian of the records, in this case the Department, to make a determination as to whether this exemption is applicable.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh