Ms. Patricia Dahlgren 1801 Hasbrook Court North Little Rock, AR 72116
Dear Ms. Dahlgren:
This is in response to your request for an opinion pursuant to A.C.A. §25-19-105(c)(3) (Supp. 1995), part of the Arkansas Freedom of Information Act ("FOIA"), which authorizes the custodian, requester, or the subject of the records to seek an opinion from this office regarding the custodian's decision with respect to the release of personnel or evaluation records. You state that you are a former employee of the Arkansas Department of Human Services ("DHS"), having been terminated from employment. You have been informed by DHS that your personnel and evaluation records are the subject of a FOIA request, and that you have a right to seek an opinion from this office regarding the records' disclosure.
You state that you believe the exemption pertaining to personnel records applies to the records in question. You also state, however, that the records relate to your termination from employment, and that there is no compelling public interest in disclosure. You also cite to Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), wherein the court found a substantial privacy interest, and Arkansas Gazette v. Goodwin,304 Ark. 204, 801 S.W.2d 284, involving fair trial rights.
I have not been provided with the actual records in question or the decision of the custodian in this regard, and thus, cannot opine definitively upon the release of any particular records. I can, however, set out the pertinent tests to be applied in determining whether release of the records in question is required.
It must be initially noted in this regard that the FOIA makes a distinction between "personnel records" and "employee evaluation or job performance records." (The Young case, supra, involved personnel records.) Under the FOIA, personnel records are exempt from disclosure only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young that:
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds asubstantial privacy interest in records relating the intimate details ofa person's life, including information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Attorney General Opinions94-198, 94-178 and 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis, if the objective test is not met. See also Watkins, The Arkansas Freedom of InformationAct 126 (2d ed. 1994). Whether any particular information in your personnel records constitutes the type of intimate detail which might subject you to embarrassment, disgrace, or loss of employment (seeYoung, supra), will require a factual determination. Consistent with the precepts set forth above, the custodian of personnel records should delete any exempt information and make the remainder of the records available for inspection and copying.
With regard to employee evaluation or job performance records, a different standard for disclosure applies. These records are open for public inspection only if there has been a final administrative decision to suspend or terminate the employee, the evaluation records formed a basis for that decision, and there is a "compelling public interest" in their disclosure. A.C.A. § 25-19-105(c)(1).
Thus, as to those records relating to your termination which constitute job performance or evaluation records, the custodian must consider the factors under § 25-19-105(c)(1) in making a disclosure decision.[1] All of these factors must be present in order for the records to be disclosed. With regard, specifically, to the existence of a "compelling public interest" in disclosure, it has been stated by a recognized commentator on the FOIA that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]" Watkins, The Arkansas Freedom of Information Act, supra at 135. Nor would a general interest in the performance of public employees be deemed compelling. Id. at 137. Professor Watkins notes that "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ."Id. at 135. According to Professor Watkins, "[t]he public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees." Id. He also notes that "[t]he status of the employee — or, perhaps more precisely, his rank within the bureaucratic hierarchy — may also be relevant. . . . As a practical matter, courts may be more likely to find [a compelling public interest] when a high-level employee is involved than when the evaluations of `rank-and-file' workers are at issue." Id. at 136.
Not having reviewed the actual records in question, I am not in a position to determine whether there are any evaluation records which formed a basis for your termination, or whether the circumstances give rise to a compelling public interest in disclosure. The above factors should be considered by the custodian who must make these determinations. It should perhaps be noted in this regard that the "personal privacy" element under § 25-19-105(b)(10) with respect to personnel records is not a factor in assessing the "compelling public interest" in the case of evaluation records. A constitutional "right to privacy" could, however, conceivably be implicated, depending upon the exact information contained in the records. As I have previously noted, the Arkansas FOIA must yield where the Fourteenth Amendment to the United States Constitution would require nondisclosure. Op. Att'y Gen.95-204. The relevant test for such constitutional privacy interests is set out in the case of McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909
(1989), and is discussed in detail in Attorney General Opinion93-356, a copy of which is enclosed for your review.
Because you have also mentioned fair trial rights, some explanation in this regard is necessary. While a judge might, in a given case, issue an order forbidding release of certain records on the grounds that their disclosure would jeopardize a defendant's constitutional right to a fair trial (see, e.g., Arkansas Gazette Co. v. Goodwin, 304 Ark. 204,801 S.W.2d 284 (1990)), this constitutional right applies in criminal cases. As stated in Goodwin, supra, "[t]he Due Process Clause of thefourteenth amendment guarantees the right of a fair trial by a panel of impartial jurors to the criminally accused in state criminal prosecutions."304 Ark. at 206. If the pending litigation involves a civil matter, therefore, the constitutional right to a fair trial will not form the basis for nondisclosure. As a general matter, the pending litigation is not a relevant factor under the FOIA, absent a court order entered under the authority of § 25-19-105(b)(8) (exempting "[d]ocuments which are protected from disclosure by order or rule of court[.]"
Finally, reference should be made to the fact that other records, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by specific provisions of the FOIA. See A.C.A. § 25-19-105(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] There is no comprehensive definition of "employee evaluation" or "job performance records" under the FOIA, but the statute includes "preliminary notes and other materials" associated with the evaluation process. Id. This office has stated that a letter of recommendation of termination, letters of reprimand, and other disciplinary records are "job performance records." Ops. Att'y Gen. 88-097, 91-303 and 91-324.