Officer Larry Mickel North Little Rock Police Department 200 West Pershing Boulevard North Little Rock, Arkansas 72114
Dear Mr. Mickel:
This is in response to your request for my opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning a Freedom of Information Act ("FOIA") request made to the North Little Rock Police Department to review records pertaining to you. Although the request made on the Department is fairly broad, you question only the release of any of your medical records or any records of a particular nature specified in subsection (3) of the request.[1] You also inquire as to whether you may "retrieve" certain of these documents from the property room at the Police Department.
I have not been provided with any of the actual records in question, and you have not indicated whether the Department intends to release any of the records requested. I am thus not in a position to evaluate any decision the custodian has made in this regard. I can state, however, that it does not appear that any "medical records" have been requested. The FOIA request specifically exempts medical records from the documents requested. The Department will have to determine whether any of the actual records meet the definition of "medical records," which I have opined includes any records which relate to the treatment or diagnosis of a medical condition. See, e.g., Op. Att'y Gen. 91-374.
I assume that any records the Department maintains which would be responsive to subsection (3) of the FOIA request would be "personnel records" for purposes of the FOIA. The Department will have to determine if indeed this is the case.[2] See in this regard Op. Att'y Gen. 96-281
(copy enclosed). The FOIA generally provides for the release of personnel records except "to the extent disclosure would constitute clearly unwarranted invasion of personal privacy. . . ."
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
From a review of these authorities, it is my opinion that any records which would be responsive to subsection (3) of the FOIA request should be shielded as their release would constitute a "clearly unwarranted invasion of personal privacy."
Even if the records in question are not "personnel records," but are some other type of record, in my opinion in all likelihood the information requested would be exempt from disclosure under the federal constitutional right to privacy, discussed in McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
It is my opinion, therefore, that the Department should in all likelihood not release any information responsive to subsection (3) of the request.
Finally, you have inquired whether you may "retrieve" any documents reflecting the information requested. While certainly, under the FOIA, you are given the right to inspect and copy any personnel or employee evaluation or job performance records of which you are the subject (A.C.A. § 25-19-105(c)(2)), the FOIA does not grant any right to a public employee to remove documents from public custody. The question of the retention of these records will be a decision for the Department, with the advice of its regular counsel, and in light of any applicable policies, ordinances or other applicable state laws.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Because it is my conclusion that records reflecting information of the nature requested in subsection (3) of the request is in all likelihood shielded from inspection and copying from the FOIA, it would defeat the purpose of such confidentiality to detail it in an opinion in which you are the addressee.
[2] If the records are "employee evaluation or job performance records," a different test is applicable. See A.C.A. § 25-19-105(c)(1) (providing that such records shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling governmental interest in disclosure).