Mr. David Boddington, Area III Parole Officer 1421 East 9th Street Little Rock, Arkansas 72202
Dear Mr. Boddington:
This official Attorney General opinion is issued in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. §§ 25-19-101 through -107).
You state that you were notified that the Department of Community Punishment received a request from a newspaper for the names of all employees who had attended firearms qualification training, and their scores. This information is maintained in the employees' personnel files. You indicate that you object to the release of this information.
On the basis of these facts, you have presented the following question:
 Does the FOIA require that the Department of Community Punishment release the names of all employees who have attended firearms qualification training, and their scores?
It is my opinion, as explained more fully below, that the FOIA requires the release of the names of the employees who attended firearms qualification training, but that it exempts the scores from disclosure.
For purposes of responding to your request, I have assumed that the requested information constitutes a "personnel record" within the meaning of the FOIA. I find this assumption to be reasonable in light of the available authority on what constitutes a "personnel record."
The FOIA itself does not define the phrase "personnel records," nor has the term been defined judicially. However, Professor John Watkins, the leading scholarly commentator on the Arkansas FOIA, has provided some guidelines for determining whether records constitute "personnel records." Professor Watkins suggests that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). WATKINS,Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) 125-26.
Given Professor Watkins' discussion of what constitutes a "personnel record," I find that the information about which you have inquired is consistent with the types of records that he classifies as "personnel records."
This conclusion is significant, because if the information is classified as a "personnel record," it may be subject to exemption from disclosure under A.C.A. § 25-19-305(b)(10). That section of the Act provides that "personnel records" are not subject to disclosure if the disclosure would constitute a "clearly unwarranted invasion of personal privacy."
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also WATKINS, The Arkansas Freedom of InformationAct (mm Press, 2d ed. 1994) at 126.
On the basis of the above-described judicial guidelines, this office has previously opined that whereas the disclosure of the names of employees who passed a test would not constitute a clearly unwarranted invasion of personal privacy, the disclosure of individual employees' specific test scores would constitute such an invasion of those individuals' personal privacy. See, e.g., Ops. Att'y Gen. Nos. 93-079; 89-054.
The reasoning that has been adduced in support of that conclusion is that the public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual
performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
I therefore conclude that the public's interest in knowing who attended firearms qualification training outweighs any privacy interest in this information. See Op. Att'y Gen. 97-032. The public's interest in this matter, however, can be satisfied without reference to the individual employees' specific scores.
For these reasons, it is my opinion that the names of the employees who have attended firearms qualification training should be released under the FOIA, but that the employees' specific scores is exempt from disclosure.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh