Chief Todd Brown Cotton Plant Police Department P.O. Box 569 Cotton Plant, Arkansas 72036
Dear Chief Brown:
This opinion is being issued in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996 Supp. 1997).[1]
It is my understanding that a FOIA request has been submitted to the City of Cotton Plant to view the following information regarding you and Paula Brown: date of completion of the Law Enforcement Training Academy, date of certification as a law enforcement officer, dates of "preparation and submission of the physical, psychological profile, background check and fingerprints supporting said certification," and all employee evaluation or job performance records. It is also my understanding that the city attorney has advised you that the following information should be disclosed: the date of certification as a law enforcement officer, fingerprints, and the date of completion of the Law Enforcement Training Academy. The city attorney has further advised you that physical and psychological profiles and background checks should not be disclosed as the disclosure would constitute an unwarranted invasion of privacy. Finally, the city attorney has informed you that the city may have a duty to disclose employee evaluation or job performance records "assuming there is no administrative suspension or termination proceeding pending, [and] upon a showing by the requester that there is a compelling public interest in the disclosure."
As the subject of certain of the records (and as custodian of the records for the police department), you have requested an opinion concerning whether the advice of the city attorney is consistent with the provisions of the FOIA. It is my opinion that the blanket denial of information found in a background investigation report is contrary to the provisions of the FOIA. It is also my opinion that the city attorney has not set out the proper test for determining whether employee evaluation or job performance records should be disclosed. However, having not been provided with the records in question, I am unable to opine conclusively as to the release of any particular documents. Nevertheless, I will set forth the applicable law that should be considered by the custodian of the records in making a determination regarding their release.
The disclosability of particular employee-related records depends upon whether they constitute "personnel records" or "employee evaluation or job performance records." The FOIA sets forth different standards for the disclosure of the two types of records; I will discuss the standards applicable to both categories of records.
PERSONNEL RECORDS
The Standard for Disclosability
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
The FOIA does not define the phrase "personnel records," nor has the term been defined judicially. I will point out, however, that Professor John Watkins, the leading scholarly commentator on the Arkansas FOIA, has provided some guidelines for determining whether records constitute "personnel records." Professor Watkins suggests that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). John Watkins, Arkansas Freedom of Information Act
125-126 (2d ed. 1994). Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above may be subject to specific exemptions set forth in other sections of the FOIA, including the exception for employee evaluation and job performance records, discussed in a later section of this opinion.)
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
See also Stilley v. McBride, 332 Ark. ___ (March 19, 1998). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also John Watkins, The Arkansas Freedom ofInformation Act 126 (2d ed. 1994).
Application of Guidelines
This office has opined that a background investigation report would generally be considered a "personnel record." See Op. Att'y Gen. 96-368. In addition, I have opined on several occasions that a blanket denial of access to a background investigation report may be inconsistent with the FOIA. See Ops. Att'y Gen. 97-286 and 96-368. The appropriate procedure to follow with respect to a background investigation is to delete any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, taking into account the above analysis), and make the remainder of the investigation available for inspection and copying. Id.
With regard to physical examinations and psychological profiles, it must be stated that the FOIA specifically exempts medical records, whether or not contained in a personnel file, from public disclosure. A.C.A. §25-19-105(b)(2). Thus, the refusal to release the "physical and psychological profiles" may be warranted. A conclusive determination would require review of the actual record. This office, however, has opined that although the detailed results of psychological testing may not be open to the public, the public's interest in knowing that its police officers are fit for duty is substantial. Op. Att'y Gen. 92-319. Accordingly, the disclosure of the names of employees who have completed "physical and psychological profiles" most likely would not constitute an invasion of those individuals' personal privacy. See generally Op. Att'y Gen. 97-034.
As previously noted, courts have found relatively little privacy interest in records revealing the training or educational background of a public employee. See Kruzon, supra. In addition, this office has previously opined that information related to law enforcement certification is subject to disclosure. See Ops. Att'y Gen. 95-256 and 87-481. Thus, it appears that the decision to disclose the date of certification as a law enforcement officer and the date of completion of the Law Enforcement Training Academy is consistent with the FOIA.
Finally, it is my opinion that the decision to disclose the fingerprints of the two officers is probably consistent with the FOIA. See generally
Op. Att'y Gen. 97-177. The public has a substantial interest in determining whether individuals charged with enforcement of our laws have completed a fingerprint-screening. Where the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored. In addition, it appears that disclosure of a person's fingerprints reveals limited personal information. Thus, I believe the balance would likely tip in favor of disclosure in the absence of some distinguishing factor which would evidence a substantial privacy interest in justifying nondisclosure. See generally Ops. Att'y Gen. 97-286 and 96-005 (photograph of officer and any information in personnel file that could personally identify him should not be released because of his recent status as undercover officer). Again, it is incumbent upon the custodian to make the initial determination whether the document, or parts of the document, reveals intimate details or whether there is some distinguishing factor which would evidence a substantial privacy interest in justifying nondisclosure.
The foregoing guidelines are those which the custodian of the records should bear in mind in determining whether the records that have been requested are disclosable (or are exempt from disclosure) as "personnel records." A substantial portion of "personnel records" may be subject to disclosure. The only records (or portions of records) that may be shielded are those the release of which would give rise to a "clearly unwarranted invasion of personal privacy" or which are exempted by some other specific exception.
EMPLOYEE EVALUATION OR JOB PERFORMANCE RECORDS
The Standard for Disclosability
Under the provisions of the FOIA, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions have been met: (1) there has been a final administrative resolution of any suspension or termination proceeding; (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) there is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). I must note that the letter you have attached from the city attorney does not set out the proper test.
What is An "Employee Evaluation or Job Performance Record"?
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. The custodian of the records must make a factual determination as to whether records constitute employee evaluation or job performance records. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen.93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. In Opinion 91-324, I opined that records pertaining to disciplinary action generally fall within the provisions of the FOIA involving "employee evaluation or job performance records."
Final Administrative Resolution/Records As a Basis for Suspension orTermination
Again, employee evaluation or job performance records are disclosable only to the extent they form the basis for a suspension or termination. If there has been no suspension or termination of the employee in question, then job performance records and employee evaluations are not subject to disclosure. The question of whether there has been a final administrative resolution of the suspension or termination at issue and of whether the requested records formed a basis for that suspension or termination are clearly questions of fact that can be readily determined by the custodian of the records. The requested records can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
Compelling Public Interest
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to [a] suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." John Watkins, The Arkansas Freedom of Information Act
135 (2d ed. 1994). In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
The foregoing principles are those which the custodian should consider in determining whether the requested records should be released (or whether they are exempt from release) as "employee evaluation or job performance records."
A CONSTITUTIONAL ISSUE
Finally, I must note that the custodian of the records should be cognizant of a possible constitutional issue. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
In making his or her disclosure decisions, the custodian of the records should specifically consider whether the requested records contain information that meets the criteria set forth in McCambridge.
SUMMARY
To summarize the preceding discussion, the primary considerations in determining whether to release the requested records should include the following:
(1) The custodian should determine whether the requested records are "personnel records" or are "employee evaluation or job performance records."
(2) If it is determined that the records are "personnel records," the custodian must then determine whether the disclosure of any portion of the records would constitute a clearly unwarranted invasion of personal privacy or whether the records are subject to any other exemption. Such portions should be excised and the remainder of the records released for inspection.
(3) If it is determined that the records are "employee evaluations or job performance records," the custodian must then determine: (a) whether there has been a final administrative resolution of a suspension or termination proceeding; (b) whether the records in question formed a basis for the decision made in such a suspension or termination proceeding; and (c) whether there is a compelling public interest in the disclosure of the records in question.
(4) The custodian should determine whether the requested records contain information that is protectable under the constitutional right of privacy or whether the records are exempt from disclosure by specific provisions of the FOIA, such as the medical exemption, or by other statutory provisions, such as the exemption for records maintained by the Arkansas Crime Information Center.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] My authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or evaluation records. Section 25-19-105(c)(3)(B) permits the subject of the records, the custodian, or the requester to seek an opinion from the Attorney General concerning whether the decision of the custodian is consistent with the FOIA.