Ms. Vicki Dickson c/o Ken Ferguson Department of Personnel 200 East Eighth Avenue Pine Bluff, AR 71601
Dear Ms. Dickson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A.25-19-101 et seq. (Repl. 1992 and Supp. 1993). Your request is submitted pursuant to A.C.A. 25-19-105(c)(3) (Supp. 1993) (authorizing the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General).
You state that a request has been made for "disciplinary actions, suspensions, reprimands and any other personnel records" in your personnel file. Your request also states that the custodian of the records, Ken Ferguson, has made a decision to release the requested information. I have not been provided with copies of the records in question and therefore cannot, as is contemplated under A.C.A. §25-19-105(c)(3)(B), opine as to whether the decision of the custodian is correct. I can, however, set out the relevant tests for determining whether employment-related records are open to public inspection and copying, focusing particularly on the applicable legal analysis that the custodian of the records should consider in making his decision as to disclosability.
The disclosability of particular employee-related records depends upon whether they constitute "personnel records" or "employee evaluation or job performance records." The FOIA sets forth different standards for the disclosure of the two types of records. Because the requested documents, depending upon their individual nature, could be classified either as "personnel records" or as "employee evaluation or job performance records," I will discuss the standards applicable to both categories of records.
Job Performance Records
It is my opinion that records reflecting disciplinary actions — even disciplinary actions other than suspension or termination — are properly classified as "employee evaluation or job performance records" within the meaning of the FOIA. This conclusion is consistent with previous opinions of this office. See, e.g., Ops. Att'y Gen. Nos. 97-222; 95-351; 94-306; 93-055. I have consistently opined that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. Id.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A determination of whether the requested records meet the above-listed conditions involves certain questions of fact that I am unable to answer. You have not indicated whether you have been suspended or terminated, much less whether any final administrative resolution of any such action has occurred. Moreover, without actually reviewing the documents at issue, I will be unable to determine whether they formed a basis for any decision to suspend or terminate you. Finally, without actually reviewing the documents, I will be likewise unable to determine whether a compelling public interest exists in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, the leading commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
The FOIA does not define the phrase "personnel records," nor has the term been defined judicially. I will point out, however, that Professor Watkins offers some guidelines for determining whether records constitute "personnel records." He suggests that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll-related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). WATKINS, supra at 125-26. Again, however, Professor Watkins considers these personnel file records as merely a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above may be subject to specific exemptions set forth in other sections of the FOIA, including the previously discussed exception for employee evaluation and job performance records.)
Neither does the FOIA define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase and adopted a balancing test:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, dates and places of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also WATKINS, supra at 126.
The foregoing test is to be used in determining whether the records that have been requested are disclosable (or are exempt from disclosure) as "personnel records." A substantial portion of the "personnel records" may be subject to disclosure. The only records (or portions of records) that may be shielded are those the release of which would give rise to a "clearly unwarranted invasion of personal privacy" or which are exempted by some other specific exception, such as the exemption for scholastic or medical records or the exemption for "employee evaluation or job performance records" discussed above. The exempt portions should be excised and the remainder made available for inspection and copying.
Assistant Attorney General Jack H. Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh