Ms. Lisa Sevier c/o Washington County Department of Human Services Office of Chief Counsel 4044 Frontage Road Fayetteville, AR 72703
Dear Ms. Sevier:
I am writing in response to your request, presumably made pursuant to A.C.A. § 25-19-105) (c) (3) (B), for an opinion on whether you must "hand over" portions of your personnel file to John Walker, a Little Rock attorney, under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109, as amended by Act 1653 of 2001. Specifically, you reference a letter from Ms. Kathy Hall, Office of Chief Counsel, (Department of Human Services) in Little Rock, instructing you to "hand over" portions of your personnel file to Mr. Walker. You state that you "object to this review of [your] personnel records due to the fact that this person is still a DHS employee." I assume you refer to Mr. Walker's client in the last portion of the preceding sentence. You also state that you "feel that review of [your] personnel records would be an invasion of [your] privacy."
I am directed by A.C.A. § 25-19-105(c)(3)(B) to issue my opinion on whether the custodian's decision as to the release of records under the Freedom of Information Act is consistent with that act.
RESPONSE
I have not reviewed the actual records in question and therefore, cannot come to a definitive conclusion as to the public nature of individual documents. In addition, you have not indicated which "portions" of your personnel records the Little Rock DHS office has instructed you to "hand over." I cannot, as a practical matter, therefore, determine what decision the custodian made and whether it is consistent with the FOIA. I can state, however, that the fact that the ultimate requester of the documents is also a DHS employee is not a basis for denying an FOIA request. Public records, unless excepted from disclosure, are open to inspection and copying by any citizen of the State of Arkansas. See
A.C.A. § 25-19-105 (a), as amended by Act 1653 of 2001. In addition, the fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2001-112, 94-198, 94-178 and 93-055. The determination is based upon an objective legal test. Id. Having not reviewed the records in question, I can only set out the applicable legal tests to be applied to the records by the custodian.
The disclosure of particular employee-related records depends in part upon whether they constitute "personnel records" or "employee evaluation or job performance records." The FOIA sets forth different standards for the disclosure of the two types of records. Because the requested documents, depending upon their individual nature, could be classified either as "personnel records" or as "employee evaluation or job performance records," I will discuss the standards applicable to both categories.
Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to inspection and photocopying except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase and adopted a balancing test:
 The fact that section 25-19-105(b)(10) [changed to A.C.A. § 25-19-105(b)(12) by Act 1653 of 2001] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law illustrates further types of information whose release might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees, Church of Scientology v. Department ofDefense, 611 F.2d 738 (9th Cir. 1979); citizenship, United StatesDepartment of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I.,460 F. Supp. 778, reversed on other grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v.Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, dates and places of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
The foregoing test is to be used in determining whether the records that have been requested are subject to disclosure (or are exempt from disclosure) as "personnel records." As discussed above, the only records (or portions of records) that may be shielded are those whose release would give rise to a "clearly unwarranted invasion of personal privacy" or which are exempted by some other specific exception. The exempt portions should be excised and the remainder made available for inspection and copying.
Job Performance Records
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
I am uncertain whether any of the relevant records are in fact "employee evaluation or job performance records." In addition, you have not indicated in your request whether you have ever been suspended or terminated, much less whether any final administrative resolution of any such action has occurred. Moreover, without actually reviewing the documents at issue, I am unable to determine whether they formed a basis for any decision to suspend or terminate you. Finally, without actually reviewing the documents, I am likewise unable to determine whether a compelling public interest exists in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records can only be determined by considering the factual context of the particular case. However, Professor John Watkins, a leading scholarly commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present."Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists.Id. at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
In addition to the qualified exemptions for employee evaluation or job performance and personnel records discussed above, the FOIA exempts the following records that might bear on your records:
(1) State income tax records;
 (2) Medical records, adoption records, and education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232q, unless their disclosure is consistent with the provisions of the Family Educational Rights and Privacy Act of 1974.
* * *
 (13) Home addresses of non-elected state employees contained in employer records, except the custodian of the records shall verify an employee's city or county of residence or address on record upon request.
A.C.A. § 25-19-105(b), as amended by Acts 1336 and 1653 of 2001.
The custodian should review your records and redact any information that qualifies for the above or any of various other exemptions. For example, if the record contains social security numbers, they should be redacted.See Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted.See Ark. Op. Att'y Gen. No. 99-054. In addition, the home addresses of non-elected state employees have recently been made exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(13).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh